Filed 12/26/19

**CERTIFIED FOR PUBLICATION**


APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF SANTA CRUZ


|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br><br>BRENT KNOEDLER,<br><br>        Defendant and Appellant. | Case No.:  19AP00003<br><br>**OPINION**<br><br>(Superior Court No. 18CR05681) |


Appeal from a judgment and order of the Santa Cruz Superior Court, Ariadne Symons, Judge.  Argued and Submitted on October 17, 2019.  Judgment affirmed.

Elizabeth Caballero for Defendant.

Jeffrey Rosell, District Attorney, Bryan A. Pearson, Assistant District Attorney, for Respondent.

Before Cogliati, Acting P.J., Marigonda, J., and Salazar, J.[*]

Opinion by Cogliati, Acting P.J.:

## INTRODUCTION

In this case, we hold that when a person refuses to identify himself to an officer who is writing a citation to that person for an infraction offense, that refusal can be the basis for a finding that the person resisted, obstructed, or delayed an officer in violation of Penal Code section 148, subdivision (a)(1).[1]

---

[*] Assigned by the Chairperson of the Judicial Council.

[1] Unspecified section references are to the Penal Code.

## BACKGROUND

On August 19, 2018, defendant Brent Knoedler was approached by Ranger Sarai Jimenez.  Defendant was holding an open can of beer near Beach and Main Streets in the City of Santa Cruz.  Ranger Jimenez asked defendant for identification in order to issue him a citation for violating a local ordinance making it an infraction to possess open containers of alcoholic beverages in a public place. (Santa Cruz Municipal Code, §§ 9.12.030, 9.12.060.)  Defendant offered to throw his alcoholic beverage away in a nearby garbage can.  After repeated requests, defendant refused to provide any identification or tell his name to Ranger Jimenez.

Officer Denise Cockrum arrived on the scene after Ranger Jimenez asked for backup.  Defendant refused to answer Officer Cockrum's question as to how many alcoholic beverages he had consumed, and he continued to refuse to identify himself.  Officer Cockrum explained why she needed defendant to identify himself:  "So we know who we're issuing, in this case, a ticket to."  Ranger Jimenez testified that defendant was unresponsive and would only state that he had no reason to cooperate because he was not going to drive a vehicle.  Intending to arrest defendant, Officer Cockrum grabbed defendant's arm.  As Officer Cockrum attempted to restrain defendant, defendant broke free and hit the officer hard enough that the impact caused her body camera to be knocked off her person.  A chase and struggle ensued.  Defendant was eventually detained at the Municipal Wharf by other responding officers.

Defendant was charged with violations of section 148, subdivision (a)(1) (resisting, obstructing, or delaying a peace officer; count 1) and section 243, subdivision (b) (battery on a peace officer; count 2).  A jury found defendant guilty of count 1 and not guilty of count 2.  The trial court placed defendant on a 36-month conditional sentence, ordered him to serve 60 days in the county jail, and imposed $573.00 in fines and fees.

## DISCUSSION

On appeal, defendant claims the trial court prejudicially erred when it instructed the jury that he could be convicted of a violation of section 148, subdivision (a)(1) by failing to identify himself.  He contends the modified version of CALCRIM No. 2656

2

given to the jury was an incorrect statement of the law, which violated his right to due process and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution.

The modified version of CALCRIM No. 2656 provided in pertinent part:

"The People allege that the defendant resisted, obstructed or delayed Officer Denise Cockrum by doing the following:

"1. Refusing to provide identification to Officer Cockrum.

"2. Refusing to put his hands behind his back.

"3. Fleeing from Officer Cockrum.

"You may not find the Defendant guilty unless you all agree that the People have proved that the Defendant committed at least one of the alleged acts of resisting, obstructing, or delaying a peace officer who was lawfully performing his or her duties, and you all agree on which act he committed."

## 1. WAIVER/FORFEITURE

The People argue that defendant waived his claim of instructional error on appeal because of his trial counsel's failure to object. (See Evid. Code, § 353, subd. (a).) During the discussion regarding jury instructions, the trial court inquired of defendant's counsel whether there was any objection to the instructions intended to be given. Defendant's counsel responded "No."

Defendant argues there is no waiver of instructional error if it affects the defendant's substantial rights (§ 1259), and here, defendant alleges a violation of his Sixth and Fourteenth Amendment rights. We agree defendant is not precluded from raising this issue because his claim of instructional error affects his substantial rights. (See *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 104, fn. 34.)

## 2. DID THE INSTRUCTION VIOLATE DEFENDANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL?

Defendant argues the jury should not have been instructed that he could be convicted of violating section 148, subdivision (a)(1) by failing to identify himself.

3

In arguing that the trial court's instruction was erroneous, defendant cites to *Belay v. City of Gardena,* 2017 U.S. Dist. LEXIS 66017 (C.D. Cal., Apr. 27, 2017) (*Belay*). The *Belay* court recognized that " 'failure to identify oneself cannot, on its own, justify an arrest.' " (*Id.* at p. 12.) In *Belay*, the officers were investigating a string of cellphone thefts and robberies and received a tip that the man who committed these crimes was at a local Starbucks. The officers went to Starbucks and found Belay, who matched the description. Belay refused to identify himself to the officers. After detaining Belay, the officers identified him and ruled him out as the suspect. However, since Belay had refused to identify himself, he was arrested for a violation of section 148. The *Belay* court found the initial detention was lawful, but that once the officers determined Belay was not the suspect, they could no longer detain him nor arrest him for violation section 148. (*Belay, supra,* at pp. 16-17.)

The ruling in *Belay* can be distinguished because in this case, Officer Cockrum and Ranger Jimenez had reasonable suspicion for the initial detention *and* probable cause to cite defendant for a violation of the Municipal Code, having observed defendant in possession of the open container of an alcoholic beverage in a public area.

Defendant relies on *People v. Quiroga* (1993) 16 Cal.App.4th 961 (*Quiroga*), which held that "a refusal to disclose personal identification *following arrest* for a misdemeanor or infraction cannot constitute a violation of Penal Code section 148." (*Id.* at p. 970, italics added.) However, in this case the officer was not *arresting* defendant at the time that defendant refused to provide his identification or otherwise identify himself. Rather, the officer was attempting to write defendant a citation for a municipal code infraction. In *Quiroga*, the defendant's failure to provide identification after his *arrest* did not delay or obstruct the arresting officer because "[t]he arrest had already been effected" and the defendant had not yet been brought to the jail for booking. (*Quiroga, supra,* at p. 966.) The *Quiroga* court held that it *was* a violation of section 148 when the defendant refused to provide identification at booking, due to "the public interest in discovering the identity of a suspect that might reasonably justify criminal sanction." (*Quiroga, supra,* at p. 971.)

4

The public interest rationale identified in *Quiroga* applies to the issuance of a citation for an infraction violation. Without any way to identify the person who is being cited, the police cannot perform their duties.

The *Quiroga* court noted that for infractions and misdemeanors, section 853.5 addresses the situation in which a person fails to provide identification. Under that statute, a person may be arrested—rather than simply cited and released—if "the arrestee refuses to sign a written promise, has no satisfactory identification, or refuses to provide a thumbprint or fingerprint." (§ 853.5, subd. (a).) That a person may be subject to a custodial arrest for failure to provide identification regarding a citation does not mean that such failure to provide identification would not delay or obstruct an officer in the performance of his or her duties. Again, the *Quiroga* court considered only whether "refusal to disclose personal identification following *arrest* for a misdemeanor or infraction" could constitute a violation of section 148. (*Quiroga, supra,* 16 Cal.App.4th at p. 970, italics added; see also *In re Chase C.* (2015) 243 Cal.App.4th 107 [same issue].) Because that is not the issue in this case, *Quiroga* does not support defendant's argument.

Finally, defendant discusses *In re Gregory S.* (1980) 112 Cal.App.3d 764, which found no section 148 violation based on the minor's failure to provide his first name during a detention. In that case the court made it clear its holding was fact-specific. (See *id.* at p. 779.) The court explained that because the officer already knew the minor's address and surname, the minor's failure to provide further identifying information could not have "delayed the officer to a degree justifying an arrest." (*Id.* at p. 780.)

Under the circumstances of this case, the trial court did not err by instructing the jury that defendant's refusal to identify himself could be found to constitute a violation of section 148, subdivision (a).

## DISPOSITION

The judgment is affirmed.

5

DATED:   December 26, 2019

                        Syda K. Cogliati
                        Acting Presiding Judge of the Appellate Division


DATED:    December 26, 2019

                        John S. Salazar
                        Judge of the Appellate Division, Assigned


DATED:   December 26, 2019

                        Paul M. Marigonda
                        Judge of the Appellate Division